ALEXANDER CHACE, Respondent, v. JAMES M. LAMPHERE,
Appellant.

1. WILL — DEVISE — QUANTITY OF LAND. While the testator's state-
ment of quantity of the land in a devise may not and should not always
be deemed controlling upon the question of intent as to the extent of the
devise, it is a circumstance to be considered in connection with other facts
in order to determine the actual and true intent of the testator.

2. DEVISE — IDENTIFICATION OF LAND. The facts, that, in devises of
two distinct but contiguous farms to two devisees, a farm to each, the

testator assigned to each farm substantially its correct quantity in acres, and also referred to one of them by the farm name by which it was known, and further designated it by giving the name of the person from whom he had purchased it, *held*, to be controlling indications of an intention to devise to the devisee named in the context the entire farm so specifically described, including a part thereof which was, at the time of the testator's death, occupied by the devisee of the other farm in connection with such other farm, although in another portion of the will the farms were referred to as those "occupied" by the respective devisees.

Reported below, 67 Hun, 599.

(Argued January 7, 1896; decided January 14, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 15, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision rendered on trial at Circuit before the court, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Levi F. Longley* and *James K. Averill* for appellant. The will effectually devised the land in dispute to the defendant Lamphere. ( *Worthington* v. *Hyler*, 4 Mass. 196; *Goodlittle* v. *Southern*, 1 M. & S. 200; *Down* v. *Down*, 7 Taunt. 843; *Jackson* v. *Lowries*, 18 Johns. 87; *Jackson* v. *Root*, 18 Johns. 60; *Butterfield* v. *Cooper*, 6 Cow. 481; *Peck* v. *Mallams*, 10 N. Y. 509; *Hathaway* v. *Power*, 6 Hill, 453; *Dodge* v. *Patton*, 18 Barb. 193; *Kendall* v. *Miller*, 47 How. 446; *Hardwick* v. *Hardwick*, L. R. [16 Eq.] 168; *Loomis* v. *Jackson*, 19 Johns. 452; *Gulliver* v. *Poyntz*, 3 Wils. 141; *Smith* v. *Bell*, 6 Pet. 68; *Slingsby* v. *Granger*, 4 H. of L. Cas. 284; *Lynch* v. *Pendergast*, 67 Barb. 501; *Finlay* v. *King*, 3 Pet. 347; *Jackson* v. *Clark*, 7 Johns. 217; *Hoppock* v. *Tucker*, 59 N. Y. 202; *Press* v. *Parker*, 10 Moore, 158.) The sixth and seventh clauses of the will are not so irreconcilable and inconsistent that the expressions of the latter clause must prevail over the former expressions in the will. ( *Hardwick* v.

*Hardwick*, L. R. [16 Eq.] 168.) The mention of the number of acres of land in the seventh clause of the will, and the expression, "Wooley .farm which I purchased of Sherman Griswold," are not controlling. (*Ashworth v. Bowen*, 3 B. & Ald. 453; *Loomis* v. *Jackson*, 19 Johns. 452; *Sherman* v. *McKeon*, 38 N. Y. 272; *Phillips* v. *Davies*, 92 N. Y. 204; *Pond* v. *Bergh*, 10 Paige, 140; *Drake* v. *Pell*, 3 Edw. 251; *Mason* v. *Jones*, 2 Barb. 229; *French* v. *Carhart*, 1 N. Y. 96; *Fothergill* v. *Fothergill*, 8 Hun, 316; *Benjamin* v. *Welch*, 73 Hun, 371; *Brookman* v. *Kurzman*, 94 N. Y. 276; *Jackson* v. *Clark*, 7 Johns. 217; *B., N. Y. & E. R. R. Co.* v. *Stigeler*, 61 N. Y. 348; *Hathaway* v. *Power*, 6 Hill, 454; *Wendell* v. *People*, 8 Wend. 189; *Mann* v. *Pearson*, 2 Johns. 41; *Jackson* v. *Vickory*, 1 Wend. 406; *Govin* v. *Metz*, 79 Hun, 461.) The intent of the testator as manifested by the whole will should control. (*Kalbfleisch* v. *Kalbfleisch*, 67 N. Y. 354.) The question to be determined upon this appeal is a question of law. (*White* v. *Hoyt*, 73 N. Y. 505; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Morris* v. *Talcott*, 96 N. Y. 100.) If the sixth and seventh clauses of the will are inconsistent, this is not a proper case for the application of the rule which requires the latter clause to prevail over a prior clause, for they are here reconcilable from the whole will taken together. (*Covenhoven* v. *Shuler*, 2 Paige, 122; *Parks* v. *Parks*, 9 Paige, 124; *Ogsbury* v. *Ogsbury*, 45 Hun, 389.) The testimony of Mary Chace, the wife of the plaintiff, was improperly admitted. (Code Civ. Pro. § 829; *Steale* v. *Ward*, 30 Hun, 555; *Eisenlord* v. *Eisenlord*, 49 Hun, 340; *Erwin* v. *Erwin*, 54 Hun, 166; *Hoffman* v. *Hoffman*, 44 N. Y. S. R. 660.)

*A. Frank B. Chace* for respondent. The questions of fact arising in this action having been decided by the trial court in favor of the respondent, either upon conflicting or undisputed evidence, and the decision having been affirmed by the General Term of that court, such questions of fact are conclusive upon the appellant and cannot be reviewed in this

court. (Code Civ. Pro. § 1337; *Holcomb* v. *Campbell*, 118
N. Y. 46, 50; *Hines* v. *McDermott*, 91 N. Y. 451; *Under-
hill* v. *Vandervoort*, 56 N. Y. 242, 247.) The finding by the
trial court as to the intention of the testator and the effect of
the will was a finding of fact and is conclusive upon the appel-
lant on this appeal. The devise to plaintiff was positive and
accurately described. (*Jackson* v. *Clark*, 7 Johns. 217;
*Sharp* v. *Dimmick*, 4 Lans. 496; *Doe* v. *Doe*, 1 Wend. 542;
*Van Kleeck* v. *Dutch Church*, 20 Wend. 503; *Kendall* v.
*Miller*, 47 How. Pr. 446; *Underhill* v. *Vandervoort*, 56 N. Y.
242; *Peck* v. *Mallams*, 10 N. Y. 509; 51 Hun, 524.) The
witness, Mary E. Chace, although the wife of the plaintiff,
was not disqualified nor incompetent under section 829 of the
Code of Civil Procedure. (*Eisenlord* v. *Clum*, 126 N. Y.
552; *Scherer* v. *Kaufman*, 1 Dem. 39; *Connelly* v. *O'Con-
nor*, 117 N. Y. 91; *Witthaus* v. *Schack*, 105 N. Y. 333;
*O'Brien* v. *Weiler*, 140 N. Y. 281; *Heyne* v. *Doerfler*, 124
N. Y. 505; *Simmons* v. *Havens*, 101 N. Y. 427; *Lerche* v.
*Brasher*, 104 N. Y. 157; *In re Lasak*, 131 N. Y. 624.)

HAIGHT, J. This action is in ejectment to recover a parcel
of land containing twenty-seven acres. The title depends
upon the construction to be given to the last will and testa-
ment of Smith Shaw, deceased. At the time of his death he
was the owner of a tract of land situated in the town of
Austerlitz, in the county of Columbia, consisting of two farms
lying contiguous to each other, one known as the "Home-
stead Farm," containing about 143 acres of land, and the other
known as the "Wooley Farm," which was conveyed to him
by one Sherman Griswold in 1833, containing about 170 acres,
of which the premises in dispute were a part. The testator
was aged, a bachelor, and lived upon the place known as the
"Homestead Farm" with his sister, Happy Shaw. Some
years before his death the plaintiff, a nephew of the deceased,
at his invitation, moved upon the "Wooley Farm," so-called,
and there continued to live until after the death of the
testator. About the same time the defendant, a grand-

27

nephew, commenced to reside with the testator upon the "Homestead Farm," and has ever since continued to reside thereon. It also appears that the land in dispute, which is a part of the premises conveyed to the testator by Griswold, was used and occupied by the defendant and his uncle, the testator, during his lifetime, in connection with the "Homestead Farm," as a pasture lot for their cattle and sheep. The testator died in November, 1878, leaving a will which has been duly admitted to probate, in which, by the first clause thereof, he gave all of his personal property, except that on the farm occupied by the plaintiff, to his sister. The second clause is is follows:

"*Second.* I give, devise and bequeath a life estate in the farm of land now occupied by James M. Lamphere to my said sister, Happy Shaw, during the natural life of my said sister, and I further give my said sister fifty dollars each year during her natural life, and said fifty dollars each year, as aforesaid, to be and is hereby made a charge against and to be paid from the farm occupied by said Chace, as an annuity therefrom, to which said farm is hereby made subject to the payment of, as aforesaid, to my said sister."

By the third clause he gave a legacy of $400 to Abby Holdridge, to be paid by the defendant, and charged the same upon the lands devised to him. By the fourth clause he gave a legacy of $400 to Helena Holdridge and charged the payment thereof upon the lands devised to the plaintiff. By the fifth clause he made provisions for a monument, charging the expense thereof equally upon the farms conveyed to the plaintiff and defendant.

The sixth and seventh clauses are as follows:

"*Sixth.* I give, devise and bequeath to James M. Lamphere, his heirs and assigns forever, all my said farm situated in the town of Austerlitz, Columbia county, N. Y., and containing about one hundred and forty acres of land, with the appurtenances thereto belonging, being the farm on which said Lamphere now resides, to have and to hold the same to said Lamphere, his heirs and assigns forever, subject, however, to the

life estate of my said sister, Happy Shaw, therein and to the payment of the several sums and legacies hereinbefore charged against the same.

"*Seventh.* I give, devise and bequeath to Alexander Chace, his heirs and assigns forever, all my said farm, situate in the town of Austerlitz, Columbia county, N. Y., and containing about one hundred and seventy-four and three-fourths acres of land, called the Wooley farm, which I purchased of Sherman Griswold, and on which farm said Chace now resides, together with the personal property now on said farm, to have and to hold the same to said Chace, his heirs and assigns forever, subject, however, to the payment of the annuity of fifty dollars each year to my said sister, Happy Shaw, with which said farm is hereinbefore charged and is hereby charged, and also subject to the payment of the several sums and legacies hereinbefore charged against said farm."

It is contended on behalf of the defendant that he was in the occupancy of the lands in dispute at the time of the testator's death and that the title thereof passed to him under the devise made; whilst on behalf of the plaintiff it is claimed that the defendant's occupancy was temporary and with the understanding that the land should continue to be regarded as a part of the "Wooley Farm," and that the same was devised to the plaintiff.

This case was tried upon the theory that the provisions of the will were ambiguous. Both parties submitted evidence bearing upon the character of the defendant's occupancy of the lands in dispute. The evidence given was conflicting. Upon the issue so tendered the trial court awarded judgment in favor of the plaintiff, finding as a fact that the defendant's occupancy of the lands in dispute was upon an understanding and agreement between Shaw, the testator, and the plaintiff, that the same should continue to be regarded as a part of the farm of 170 acres upon which the plaintiff resided, and of the whole of which he had been in actual use and occupancy up to that time. This finding is supported by the evidence. It has been approved by the General Term and it consequently

follows that it is binding upon this court and justifies the construction given to the will.

Assuming the will to be unambiguous we think the same construction should follow. The two farms owned by the testator were two well-defined parcels of land which he had purchased from different persons, and which had been correctly described in the deeds of conveyance to him. The " Homestead Farm " devised to the defendant contained 143 acres. In his will he describes it as containing about 140 acres. If it were his intention to also devise to the defendant the lands in dispute this farm would have contained 170 acres. In the devise to Chace he describes the farm as containing 174¾ acres of land, called the " Wooley Farm," and as being the farm which he purchased of Sherman Griswold. If it had been the intention of the testator to give to the defendant the 27 acres in controversy, then, instead of devising to the plaintiff a farm containing 174¾ acres, he would have devised to him a farm containing only 147¾ acres. It is true that quantity may not and should not always be deemed controlling upon the question of intent. It, however, becomes a circumstance in the case which must be considered in connection with the other facts in order to determine the actual and true intent of the testator. Here we have the testator devising two distinct farms, giving to each the number of acres or thereabouts that they actually contain. In addition the testator refers to the plaintiff's farm by the name under which it has for many years been known, and particularly designates it as that which he purchased from Griswold. These facts we regard as controlling indications of his purpose and intent. The only fact at all indicating a different intention appears in the second clause of the will, in which he creates a life estate in favor of his sister in the farm occupied by the defendant, and also creates an annuity of $50 a year, charged against the farm occupied by the plaintiff. It is evident that it was his intention to create a life estate as to the lands devised to the defendant, and to charge the annuity upon the lands devised to the plaintiff. But in order to

determine the extent of such devises, reference must be had to the clauses of the will in which the devises respectively were made.  It is true that the word *occupied* appears in the second clause of the will referred to, but it does not appear in either of the clauses devising lands to the plaintiff and the defendant. In those clauses *residence* is used, thus indicating that the testator had no clear perception of the difference in the meaning of the two words.  We think, therefore, that the word *occupied*, as used in the second clause, cannot be held to cut down or limit the devise made to the plaintiff by the seventh clause, wherein he not only identifies the farm by name and by quantity, but also as that purchased of Griswold.  This view of the case renders it unnecessary to determine whether the provisions of the will are or are not ambiguous, and whether parol evidence should have been received, for in either case the result must be the same.

Neither is it necessary for us to determine the competency of the testimony of the plaintiff's wife as to the declarations made to her by the testator in reference to the contents of his will.  The evidence was not objected to.  The subsequent motion to strike out was discretionary with the court.  The remedy of the defendant was to ask that it be disregarded. No such request was made, but it appears that the trial court did disregard it, for no finding of fact is based thereon.  As to the other evidence given by the plaintiff's wife, the ruling of the trial court appears to have been proper.  (*Eisenlord* v. *Clum*, 126 N. Y. 552; *Jackson ex dem.* v. *Van Dusen*, 5 Johns. 144; *Jackson ex dem.* v. *Bard*, 4 Johns. 230, 233.)

The judgment should be affirmed.

All concur.

Judgment affirmed.